IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,               :
                                        :
                                        : CRIMINAL NO. 1:09-CR-0079-01
         v.                             :
                                        :      (Judge Caldwell)
ROGER SEDLAK,                           :
              Defendant                 :
                                        :

*M E M O R A N D U M*

        The pro se defendant, Roger Sedlak, has filed two motions (Doc. 382 and 384) for release pending resolution of his motion under 28 U.S.C. § 2255 to vacate his conviction and sentence. The motions rely on *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence for an offense is an element of the crime that must be submitted to the jury. *Id.* at ___, 133 S.Ct. at 2155. In the instant case, among other things, Defendant argues that *Alleyne* was violated because the court made the factual findings that established his offense level for sentencing purposes. Without these impermissible findings, he has already served any time validly required by his plea of guilty.[1]

        In moving for release, Defendant relies on 18 U.S.C. §§ 3142, 3143 and 3145, but these statutory provisions are inapposite. Section 3142 deals with release pending trial, section 3143 deals with release pending sentence or appeal, and section 3145 deals with review of a release or detention order. In the instant case, Defendant has been convicted and sentenced and his conviction and sentence have been upheld on

---

[1] He has also filed three motions (Doc. 388, 398 and 400) for a hearing on his motions for release.

direct appeal, *see United States v. Sedlak*, 529 F. App'x 254 (3d Cir. 2013)(nonprecedential), and there is no release or detention order.

In deciding whether Defendant is entitled to bail pending a decision on his 2255 motion, we will rely on the standard set forth in *United States v. Smith*, 835 F.2d 1048 (3d Cir. 1987).  There, the Third Circuit noted that "'a presumption of correctness' must be accorded the initial custody determination."  *Id.* at 1050 (quoted case omitted).  The court then stated:

> The standards governing stays of civil judgments should guide courts in determining whether to release a habeas petitioner pending appeal; these include whether the applicant has made a "strong showing that he is likely to succeed on the merits," irreparable injury, injury to other parties interested in the proceeding, and the public interest.  *Id.* at 2119.  Among the other factors referred to by the Court was the government's interest in continued custody pending a final determination of the case on appeal, which the Court noted was strongest where the remaining portion of the sentence is a long one.

*Id.* at 1050.  *See also Armstrong v. Grondolsky*, 290 F. App'x 451, 463 (3d Cir. 2008)(nonprecedential).

We will deny the motion.  We do not believe that Defendant has made a strong showing that he will succeed on the merits of his *Alleyne* claim.  First, Defendant is here on collateral review of his conviction and the Third Circuit has held that *Alleyne* does not apply retroactively to cases on collateral review.  *United States v. Reyes*, ___ F.3d ___, ___, 2014 WL 2747216, at *1 (3d Cir. 2014).  We recognize that Defendant asserts he is entitled to invoke *Alleyne* because it was decided shortly before the Third Circuit ruled on his direct appeal and hence while his appeal was still pending.  Nonetheless, he is before us on collateral review.  We also note that Defendant sought reconsideration before the Third Circuit on the basis of *Alleyne,* but the Third Circuit declined to disturb its ruling.  *See United States v. Sedlak*, No. 11-2892 (3d Cir. Sept. 3, 2013).

Second, it appears that Defendant has no *Alleyne* claim in any event. As noted, *Alleyne* held that any fact that increases the mandatory minimum sentence for an offense is an element of the crime that must be submitted to the jury. In the motion for release filed May 14, 2014 (Doc. 382), Defendant makes no argument concerning a minimum sentence and any finding by this court that led to the application of a minimum sentence, only about sentencing enhancements, the elements of aggravated identity theft under 18 U.S.C. § 1028(A)(a)(1), and that part of the sentencing order that required him to comply with any applicable sex-offender registration requirements. *See, e.g., United States v. Triminio*, 538 F. App'x 232-33 (3d Cir. 2013)(nonprecedential)(*Alleyne* does not apply to sentencing enhancements made by the trial court).

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

July 17, 2014