IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| | : CRIMINAL NO. 1:09-CR-0079-01 |
| v. | : |
| | : (Judge Caldwell) |
| ROGER SEDLAK, | : |
| Defendant | : |
| | : |

*M E M O R A N D U M*

I. *Introduction*

      The pro se defendant, Roger Sedlak, has filed a motion (Doc. 457) to amend the record.  Specifically, he moves (1) to amend the presentence report (PSR) to show that he had a history of abusing alcohol and (2) to amend the sentencing order so that it would now show the court's recommendation that he be allowed to participate in the Bureau of Prisons' Residential Drug Treatment Program.  Defendant acknowledges that his PSR notes that he said "he has no history of alcohol or drug use and no history of treatment for substance abuse," (PSR ¶ 112), allegations that were "confirmed by his brother." (*Id.*)  However, he contends he only said this on the advice of counsel, with the goal of receiving the "lowest possible sentence."  (Doc. 457, ECF p. 1).  He asserts he has been rehabilitating himself while in prison, and that the program would be "invaluable" to him as it would address not only his addiction but would also assist in changing his criminal thinking and behavior.  (*Id.*, ECF p. 2).  Unfortunately, according to Defendant, the Bureau of Prisons has denied him entry into the program because his PSR does not show he has an alcohol problem and the sentence does not recommend treatment while in prison for alcohol abuse.  Defendant asserts that his "prison record (Sentry) does in fact reflect his alcohol use." (*Id.*).

II.  *Background*

Defendant pled guilty to: (1) conspiracy under 18 U.S.C. § 371 to violate 18 U.S.C. § 2421, interstate transportation with the intent to engage in prostitution, and to violate 18 U.S.C. § 2422(a), persuading, inducing, coercing and enticing interstate travel to engage in prostitution; (2) a substantive violation of section 2422(a); (3) a violation of 18 U.S.C. § 1028A(a)(1), aggravated identity theft; and (4) a violation of 18 U.S.C. § 1956(a)(1)(B)(i), money laundering.

On July 7, 2011, Defendant was sentenced to an aggregate term of 145 months' imprisonment and to ten years of supervised release.  His conviction and sentence were affirmed on direct appeal.  *See United States v. Sedlak*, 529 F. App'x 253 (3d Cir. 2013)(nonprecedential).  On March 10, 2015, we denied a motion under 28 U.S.C. § 2255 to vacate the convictions and sentence.  *United States v. Sedlak*, 2015 WL 1033981 (M.D. Pa.).  Sedlak's application for a certificate of appealability in regard to the 2255 motion is pending in the Third Circuit.  *United States v. Sedlak*, C.A. No. 15-2446 (3d Cir.).

III.  *Discussion*

We will deny the motion.  Defendant cites no authority which would permit us to amend the PSR and the sentencing order at this time, and we have been unable to locate any.  Fed. R. Crim. P. 32(f) allows objections to a PSR, and Rule 32(i)(3) requires the court to address those objections, but any objections under Rule 32 must made before sentencing, not after.  *See United States v. Johnson*, ___ F. App'x ___, ___, 2015 WL 9266936, at *1 (5th Cir. 2015)(nonprecedential) (citing *United States v. Engs*, 884 F.2d 894, 895-97 (5th Cir. 1989)(interpreting old Rule 32(c)(3)(D), the prior version of Rule 32(i)(3)); *United States v. Boardley,* 61 F. App'x 904, 904 (4th Cir. 2003)

(nonprecedential) (interpreting old Rule 32(c)(3)(D), the prior version of Rule 32(i)(3)); *United States v. Alem*, No. 14-CR-319, 2015 WL 3746157, at *1 (E.D. Va. June 15, 2015); *United States v. Newton*, No. 08-CR-332, 2013 WL 5205768, at *1 (M.D.N.C. Sept. 13, 2013); *United States v. Rubiano-Martinez*, 1989 WL 71254, at *1 (E.D. Pa.)(interpreting old Rule 32(c)(3)(D)).

Fed. R. Crim. P. 35(a) also does not assist Defendant. That Rule provides: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." By its terms, the Rule does not allow the court to correct a sentence more than fourteen days after sentencing. The Rule also applies only in "narrow" circumstances to correct "an obvious error." *United States v. Lynch*, 345 F. App'x 798, 802 (3d Cir. 2009)(nonprecedential). "It does not permit the reevaluation of factual determinations based on new objections." *Id.* Defendant's current claim that he has a history of alcohol abuse is a new objection, not an attempt to correct an obvious error, as no sentencing recommendation for participation in the program was made based on Defendant's own representation that he had no alcohol problem.

Fed. R. Crim. P. 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Rule 36 cannot assist Defendant as the error he claims here, as shown above, is not a clerical one or one arising from oversight or omission. *See United States v. Bullock*, 618 F. App'x 730, 732-33 (3d Cir. 2015)(nonprecedential).

Defendant has one avenue of relief available. He can pursue his administrative remedies before the BOP set forth at 28 C.F.R §§ 542.10-542.19.

-3-

*Newton*, *supra*, 2013 WL 5205768, at *3.  We express no opinion whether he can seek relief under 28 U.S.C. § 2241 after he exhausts those administrative remedies.

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: January 21, 2016