IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| | : CRIMINAL NO. 1:09-CR-0079-01 |
| v. | : |
| | : (Judge Caldwell) |
| ROGER SEDLAK, | : |
| Defendant | : |
| | : |

*M E M O R A N D U M*

I.  *Introduction*

The pro se defendant, Roger Sedlak, has filed a motion (Doc. 458) to reduce his sentence under 18 U.S.C. § 3582(c)(2). He argues that an amendment to U.S.S.G. § 2B1.1(b)(10)(C) means that we should not have given him a two-point increase in his offense level under U.S.S.G. § 2S1.1(b)(3). Section 2S1.1(b)(3) allows such an increase if a money-laundering offense "involved sophisticated laundering." Defendant does not specify the amendment in his motion, but it is Amendment 792. (Supplement to Appendix C to the Guidelines Manual, amendments effective Nov. 1, 2012 through Nov. 1, 2015).

II.  *Background*

Defendant pled guilty to: (1) conspiracy under 18 U.S.C. § 371 to violate 18 U.S.C. § 2421, interstate transportation with the intent to engage in prostitution, and to violate 18 U.S.C. § 2422(a), persuading, inducing, coercing and enticing interstate travel to engage in prostitution; (2) a substantive violation of section 2422(a); (3) a violation of 18 U.S.C. § 1028A(a)(1), aggravated identity theft; and (4) a violation of 18 U.S.C. § 1956(a)(1)(B)(i), money laundering.

On July 7, 2011, Defendant was sentenced to an aggregate term of 145 months' imprisonment and to ten years of supervised release. His conviction and sentence were affirmed on direct appeal. *See United States v. Sedlak*, 529 F. App'x 253 (3d Cir. 2013)(nonprecedential). On March 10, 2015, we denied a motion under 28 U.S.C. § 2255 to vacate the convictions and sentence. *United States v. Sedlak*, 2015 WL 1033981 (M.D. Pa.). Sedlak's application for a certificate of appealability in regard to the 2255 motion is pending in the Third Circuit. *United States v. Sedlak*, C.A. No. 15-2446 (3d Cir.).

III.   *Discussion*

We will deny the motion. The United States Sentencing Commission has authority to amend the guidelines, 28 U.S.C. § 994(o), and to provide that any amendment has retroactive effect. *Id.*, § 994(u). Under 18 U.S.C. § 3582(c)(2), a defendant can seek the benefit of a retroactive amendment by a motion to modify his sentence. Any sentence reduction must take into account "the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable" and "must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S.S.G. § 1B1.10 (Policy Statement)(effective Nov. 1, 2015) is the applicable policy statement. In pertinent part, it provides that under section 3582(c)(2) a court "may reduce the defendant's term of imprisonment" when "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines manual listed in subsection (d) below." *Id.*, § 1B1.10(a)(1). The amendment Defendant relies on is Amendment 792. That amendment is not listed in subsection (d). It follows that we have no authority to reduce his sentence retroactively under section 3582(c)(2). In any event, the Amendment does not deal with section

2S1.1(b)(3), but with section 2B1.1(b)(10)(C). The latter section was not applied in Defendant's case.[1]

Defendant also argues that we should not have applied the two-level increase under section 2S1.1(b)(3) in light of application note 5(B) to section 2S1.1. However, this argument should have been made at sentencing and cannot be entertained now. Federal courts have no inherent authority to modify a sentence at anytime. *See Dillon v. United States*, 560 U.S. 817, 819, 130 S.Ct. 2683, 2687, 177 L.Ed.2d 271 (2010)("A federal court generally 'may not modify a term of imprisonment once it has been imposed.'")(quoting 18 U.S.C. § 3582(c)); *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007)(nonprecedential)("We note that, as a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization.")(citing *United States v. DeLeo,* 644 F.2d 300, 301 (3d Cir. 1981)). Defendant points to no authority that would allow us to adjudicate this challenge to his sentence. *Compare United States v. Styer*, 573 F.3d 151, 153 (3d Cir. 2009) (adjudicating a motion for reduction in sentence which was authorized by 18 U.S.C. § 3582(c)(2)). Defendant asserts his lawyer was ineffective in not raising this issue at sentencing. Ineffective assistance of counsel must be raised in proceedings under 28

---

[1] Part B of Chapter 2 of the Guidelines Manual deals with theft, embezzlement, receipt of stolen property, property destruction, and offenses involving fraud or deceit. Section 2B1.1(b)(10) allows a two-point increase in the offense level when "the offense otherwise involved sophisticated means *and the defendant intentionally engaged in or caused the conduct constituting sophisticated means* . . . ." Defendant's motion relies on the emphasized language, which was added by Amendment 792. Part S of Chapter 2 deals with money laundering.

U.S.C. § 2255.  Defendant has already had one 2255 motion adjudicated and cannot file another one without leave of the Third Circuit.  *See* 28 U.S.C. § 2255(h).

We will issue an appropriate order.

                                                /s/ William W. Caldwell
                                                William W. Caldwell
                                                United States District Judge

Date: January 21, 2016