IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| | : CRIMINAL NO. 1:09-CR-0079-01 |
| v. | : |
| | : (Judge Caldwell) |
| ROGER SEDLAK, | : |
| Defendant | : |

*M E M O R A N D U M*

I.  *Introduction*

The pro se defendant, Roger Sedlak, has filed a motion to enjoin the states and territories and the Federal Bureau of Prisons from requiring him to be considered or to register as a sex offender under SORNA.[1] Defendant claims that the government breached the plea agreement when the requirement was imposed on him at sentencing.

II.  *Background*

Pursuant to a written plea agreement, Defendant pled guilty to: (1) conspiracy under 18 U.S.C. § 371 to violate 18 U.S.C. § 2421, interstate transportation with the intent to engage in prostitution, and to violate 18 U.S.C. § 2422(a), persuading, inducing, coercing and enticing interstate travel to engage in prostitution; (2) a substantive violation of section 2422(a); (3) a violation of 18 U.S.C. § 1028A(a)(1), aggravated identity theft; and (4) a violation of 18 U.S.C. § 1956(a)(1)(B)(i), money laundering.

---

[1] "SORNA" is the Sex Offender Registration and Notification Act. *See* 42 U.S.C.A. § 16901 et seq.

On July 7, 2011, Defendant was sentenced to an aggregate term of 145 months' imprisonment and to ten years of supervised release. His conviction and sentence were affirmed on direct appeal. *See United States v. Sedlak*, 529 F. App'x 253 (3d Cir. 2013)(nonprecedential). On March 10, 2015, we denied a motion under 28 U.S.C. § 2255 to vacate the convictions and sentence. *United States v. Sedlak*, 2015 WL 1033981 (M.D. Pa.). Sedlak's application for a certificate of appealability in regard to the 2255 motion is pending in the Third Circuit. *United States v. Sedlak*, C.A. No. 15-2446 (3d Cir.).

III.   *Discussion*

Petitioner cites *United States v. Barone*, 781 F. Supp. 1072 (E.D. Pa. 1991), as authority for using the criminal case against him as the platform for seeking injunctive relief. In part, *Barone* relied on *Rea v. United States*, 350 U.S. 214, 216-17, 76 S.Ct. 292, 294, 100 L.Ed.2d 233 (1956). In *Rea*, a defendant in federal criminal proceedings had successfully moved to suppress evidence obtained in violation of a federal criminal rule, and the federal case was dismissed. The Supreme Court held that he was entitled to an injunction in those proceedings against the federal officer involved to prohibit the officer's testimony and the introduction of the evidence in state criminal proceedings. The Court relied on its "supervisory powers over federal law enforcement agencies." *Id.* at 217, 76 S.Ct. at 294.

We will deny the motion. Defendant contends he is entitled to the injunction because the SORNA requirement was imposed as a result of the government's breach of the plea agreement. However, in the 2255 proceedings, we rejected that argument. 2015 WL 1033981, at *7. We note that registration as a sex offender is not mandated by the sentencing order, only that Defendant comply with the applicable law. *See Sedlak*,

529 F. App'x at 255 ("The District Court did not commit any reversible error by requiring him to comply with the requirements of the sex offender registration agency in any state where he resides or works because whether or not he actually has to register as a sex offender is a matter of state law.").[2]  We add that, in the circumstances here, injunctive relief would not be appropriate against any state entity in any event.  *See Cleary v. Bolger*, 371 U.S. 392, 401, 83 S.Ct. 385, 390, 9 L.Ed.2d 390 (1963).

        We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: January 21, 2016

---

[2]  As part of the sentence, we required Defendant to "comply with the registration requirements of the sex offender registration agency in the state where he resides, is employed, carries on a vocation, or is a student."  (Doc. 285, sentencing order, ECF p. 5).