IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,       :
                                :
                                : CRIMINAL NO. 1:09-CR-0079-01
   v.                           :
                                :    (Judge Caldwell)
ROGER SEDLAK,                   :
         Defendant              :
                                :

*M E M O R A N D U M*

The pro se defendant, Roger Sedlak, has filed a motion (Doc. 476) to amend his 28 U.S.C. § 2255 motion. The principal claim he wishes to add is that the court erred in calculating his guidelines sentencing range. Specifically, Defendant claims we erred when we enhanced his base offense level under U.S.S.G. § 2G1.1(d)(1) when the enhancements were forbidden under U.S.S.G. § 1B1.2(c), as Defendant had not stipulated in his plea agreement that he had committed additional offenses. Other claims are: (1) the government breached the plea agreement when it failed to advise the court of Defendant's cooperation; (2) the government breached the plea agreement when it furnished information to the probation officer resulting in additional charges the government had agreed to forgo; (3) the government's actions were inconsistent with U.S.S.G. § 6B1.2; and (4) the plea agreement did not make the following stipulations: (a) "the start date of the offense"; (b) "obstruction of justice"; (c) use of sophisticated means"; or (d) "conduct triggering 'Role in the offense.'"

The claims that the government breached the plea agreement were adjudicated when we denied Defendant's 2255 motion. *See United States v. Sedlak*, 2015 WL 1033981 (M.D. Pa. Mar. 10, 2015). Defendant filed an application for a

certificate of appealability in regard to his 2255 motion, and on July 13, 2016, the Third Circuit granted Defendant an extension of time to file a petition for rehearing en banc from that court's order denying his petition for a certificate of appealability. *United States v. Sedlak*, No. 15-2446 (3d Cir. Jul. 13, 2016).

Fed. R. Civ. P. 15(a) would allow amendment of a 2255 motion but not when the motion has already been adjudicated in the district court. *See Winkelman v. United States*, No. 01-CR-304, 2011 WL 5024444, at *1 (M.D. Pa. Oct. 20, 2011). Defendant therefore cannot amend his 2255 motion.

The motion to amend is the equivalent of a second 2255 motion, *Winkelman*, 2011 WL 5024444, at *1, but Defendant has already had a 2255 motion adjudicated, so he has to seek approval of the court of appeals to file another one. See 28 U.S.C. § 2255(h). The motion to amend will therefore be dismissed for lack of jurisdiction. *See Pelullo v. United States,* 352 F. App'x 620, 625 (3d Cir. 2009)(nonprecedential).

Defendant cites *Whab v. USA*, 408 F.3d 116 (2d Cir. 2005), in support of our jurisdiction to entertain his 2255 claims. In *Whab*, the defendant filed an application with the Second Circuit to file a second 2255 motion while he had pending an application for a certificate of appealability arising from the district court's denial of his initial 2255 motion. The Second Circuit held that, as long as the application in regard to the initial 2255 motion was pending in the court of appeals, a subsequent 2255 motion would not be a second or successive one requiring approval of the court of appeals before it was filed in the district court. The defendant was entitled to simply file the subsequent 2255 motion in the district court. *Id.* at 118-19.

*Whab* indicates we would have jurisdiction over Defendant's current motion as he has pending in the Third Circuit an application for a certificate of appealability in

regard to his initial 2255 motion.  However, we decline to follow *Whab*.  *See Ochoa v. Sirmons*, 485 F.3d 538, 540 (10th Cir. 2007)(declining to follow *Whab*).  Whether a subsequent 2255 motion is a second or successive one within the meaning of 28 U.S.C. § 2255(h) is not affected by whether the defendant has an appeal pending in the court of appeals involving his initial motion.  *See also Joseph v. Garman*, No. 15-CV-1602, 2016 WL 2599150 (W.D. Pa. May 5, 2016)(adopting magistrate judge's report and recommendation, 2016 WL 2604786, at *3)(following *Ochoa*).

We must decide whether to grant a certificate of appealability.  Our ruling that Defendant's 2255 motion must be dismissed as a second or successive motion is a procedural one.  In these circumstances, a certificate should issue upon two showings: (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000)(numbering added).  *See also United States v. Doe*, 810 F.3d 132, 144 (3d Cir. 2015).

Based on the conflicting rulings in *Whab* and *Ochoa*, jurists of reason would find it debatable whether we are correct in our procedural ruling.  However, Defendant's principal claim is not a constitutional one as it involves only the application of the sentencing guidelines.  The next two claims, that the government breached the plea agreement, have already been decided against Defendant.  *See Sedlak*, *supra*, 2015 WL 1033981, at *7 and *10-12.  The last two claims are not constitutional ones.  In these circumstances, we will deny a certificate of appealability.

We will issue an order dismissing the motion to amend the 2255 motion for lack of jurisdiction.  The order will also deny a certificate of appealability, based on the analysis in this memorandum.  However, Defendant is advised that he has the right for

sixty (60) days to appeal our order denying his motion to amend, *see* 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. *See* Federal Rule of Appellate Procedure 22.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 14, 2016