IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  :
: 
: CRIMINAL NO. 1:09-CR-0079-01
v. :
: (Judge Caldwell)
ROGER SEDLAK, :
        Defendant :
:

*M E M O R A N D U M*

       The pro se defendant, Roger Sedlak, has filed a motion (Doc. 477) to amend his 28 U.S.C. § 2255 motion. He makes the following claims: (1) the government improperly failed to move for a downward departure under U.S.S.G. § 5K1.1 based on his substantial assistance; and (2) the government breached the plea agreement when it failed to move for a downward departure based on his substantial assistance. Defendant also seems to be arguing that his trial counsel was ineffective for not raising the issue of his substantial assistance at the appropriate time.

       Fed. R. Civ. P. 15(a) would allow amendment of a 2255 motion but not when the motion has already been adjudicated in the district court. *See Winkelman v. United States*, No. 01-CR-304, 2011 WL 5024444, at *1 (M.D. Pa. Oct. 20, 2011). Defendant has already had a 2255 motion adjudicated in this court. *See United States v. Sedlak*, 2015 WL 1033981 (M.D. Pa. Mar. 10, 2015). Defendant therefore cannot amend his 2255 motion.

       The motion to amend is the equivalent of a second 2255 motion, *Winkelman*, 2011 WL 5024444, at *1, but as noted above, Defendant has already had a 2255 motion adjudicated, so he has to seek approval of the court of appeals to file

another one.  See 28 U.S.C. § 2255(h).  The motion to amend will therefore be dismissed for lack of jurisdiction.  *See Pelullo v. United States,* 352 F. App'x 620, 625 (3d Cir. 2009)(nonprecedential).[1]

We will issue an order dismissing the motion to amend the 2255 motion.  The order will also deny a certificate of appealability, based on the analysis in this memorandum.  However, Defendant is advised that he has the right for sixty (60) days to appeal our order denying his motion to amend, *see* 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 14, 2016

---

[1]  It also appears that, at the very least, the second claim and the claim of ineffective assistance of counsel have already been adjudicated in Defendant's 2255 proceedings.  See *Sedlak*, 2015 WL 1033981 at *11 and *18.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| | : CRIMINAL NO. 1:09-CR-0079-01 |
| v. | : |
| | :      (Judge Caldwell) |
| ROGER SEDLAK, | : |
|       Defendant | : |
| | : |

*O R D E R*

AND NOW, this 14th day of September, 2016, based on the accompanying memorandum, it is ordered that:

    1.  Defendant's motion (Doc. 477) to amend his 2255 motion is dismissed for lack of jurisdiction as an attempt to file a second or successive 2255 motion.

    2.  A certificate of appealability is denied.

                                         /s/William W. Caldwell
                                           William W. Caldwell
                                           United States District Judge