IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| | : CRIMINAL NO. 1:09-CR-0079-01 |
| v. | : |
| | : (Judge Caldwell) |
| ROGER SEDLAK, | : |
| Defendant | : |
| | : |

*M E M O R A N D U M*

   The pro se defendant, Roger Sedlak, has filed a motion (Doc. 486) to amend his 28 U.S.C. § 2255 motion to make the claim that the court lacked jurisdiction to accept his guilty plea because under *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), he was not really guilty of a violation of 18 U.S.C. § 1028A(a)(1). In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence for an offense is an element of the crime that must be submitted to the jury. *Id.* at ___, 133 S.Ct. at 2155.

   Fed. R. Civ. P. 15(a) would allow amendment of a 2255 motion but not when the motion has already been adjudicated in the district court. *See Winkelman v. United States*, No. 01-CR-304, 2011 WL 5024444, at *1 (M.D. Pa. Oct. 20, 2011). Here, Defendant has already had his 2255 motion adjudicated. *See United States v. Sedlak*, 2015 WL 1033981 (M.D. Pa. Mar. 10, 2015). Defendant therefore cannot amend his 2255 motion.

   The motion to amend is the equivalent of a second 2255 motion, *Winkelman*, 2011 WL 5024444, at *1, but Defendant has already had a 2255 motion adjudicated, so he has to seek approval of the court of appeals to file another one. See 28 U.S.C. § 2255(h). The motion to amend will therefore be dismissed for lack of

jurisdiction. *See Pelullo v. United States,* 352 F. App'x 620, 625 (3d Cir. 2009) (nonprecedential).

Defendant cites *Whab v. USA*, 408 F.3d 116 (2d Cir. 2005), in support of our jurisdiction to entertain his *Alleyne* claim. In *Whab*, the defendant filed an application with the Second Circuit to file a second 2255 motion while he had pending an application for a certificate of appealability arising from the district court's denial of his initial 2255 motion. The Second Circuit held that, as long as the application in regard to the initial 2255 motion was pending in the court of appeals, a subsequent 2255 motion would not be a second or successive one requiring approval of the court of appeals before it was filed in the district court. The defendant was entitled to simply file the subsequent 2255 motion in the district court. *Id.* at 118-19.

*Whab* indicates we would have jurisdiction over Defendant's current motion as it appears that proceedings in the Third Circuit are still pending.[1] However, as we have advised Defendant before, (Doc. 478, memorandum dated Sept. 14, 2016), we decline to follow *Whab*. *See Ochoa v. Sirmons*, 485 F.3d 538, 540 (10th Cir. 2007)(declining to follow *Whab*). Whether a subsequent 2255 motion is a second or successive one within the meaning of 28 U.S.C. § 2255(h) is not affected by whether the defendant has an appeal pending in the court of appeals involving his initial motion. *See also Joseph v. Garman*, No. 15-CV-1602, 2016 WL 2599150 (W.D. Pa. May 5, 2016)

---

[1] Defendant filed an application for a certificate of appealability in regard to his 2255 motion, and on July 13, 2016, the Third Circuit granted Defendant an extension of time to file a petition for rehearing en banc from that court's order denying his petition for a certificate of appealability. *United States v. Sedlak*, No. 15-2446 (3d Cir. Jul. 13, 2016). Defendant did attempt to file such a petition, and currently has pending in the Third Circuit a motion to stay the petition for rehearing.

(adopting magistrate judge's report and recommendation, 2016 WL 2604786, at *3)(following *Ochoa*).

We must decide whether to grant a certificate of appealability. Our ruling that Defendant's 2255 motion must be dismissed as a second or successive motion is a procedural one. In these circumstances, a certificate should issue upon two showings: (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000)(numbering added). *See also United States v. Doe*, 810 F.3d 132, 144 (3d Cir. 2015).

Based on the conflicting rulings in *Whab* and *Ochoa*, jurists of reason would find it debatable whether we are correct in our procedural ruling. However, we have previously decided that Defendant's *Alleyne* claim lacks merit. *See United States v. Sedlak*, 2015 WL 1033981, at *4 (M.D. Pa. Mar. 10, 2015). In these circumstances, we will deny a certificate of appealability.

We will issue an order dismissing the motion to amend the 2255 motion for lack of jurisdiction. The order will also deny a certificate of appealability, based on the analysis in this memorandum. However, Defendant is advised that he has the right for sixty (60) days to appeal our order denying his motion to amend, *see* 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. *See* Federal Rule of Appellate Procedure 22.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: January 31, 2017