IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
: CRIMINAL NO. 1:09-CR-0079-01
v. :
: (Judge Caldwell)
ROGER SEDLAK, :
        Defendant :
:

*M E M O R A N D U M*

I.  *Introduction*

Invoking Fed. R. Civ. P. 60(b), the pro se defendant, Roger Sedlak, has filed a motion (Doc. 493) to vacate his sentence. He argues in light of *Dean v. United States*, ___ U.S. ___, 137 S.Ct. 1170 (2017), that we failed to consider the effect of the sentence we imposed on his aggravated-identity-theft conviction under 18 U.S.C. § 1028A(a)(1) on the sentences we imposed on offenses that would not count as predicate offenses for the § 1028A(a)(1) conviction. Instead, we decided what the appropriate sentences would be for those other offenses and then simply ran the twenty-four-month mandatory minimum sentence for the § 1028A(a)(1) conviction consecutive to the other sentences imposed. Defendant also argues that the § 1028A(a)(1) conviction is invalid under *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

We will dismiss the motion for lack of jurisdiction. It is really a second or successive motion under 28 U.S.C. § 2255. As such, Defendant needs the approval of the court of appeals before he can file it.

II. *Background*

Defendant pled guilty to the following counts in a superseding indictment: (1) Count 1, conspiracy under 18 U.S.C. § 371 to violate 18 U.S.C. § 2421, interstate transportation with the intent to engage in prostitution, and to violate 18 U.S.C. § 2422(a), persuading, inducing, coercing and enticing interstate travel to engage in prostitution; (2) Count 3, a substantive violation of section 2422(a); (3) Count 5, a violation of 18 U.S.C. § 1028A(a)(1), aggravated identity theft; and (4) Count 18, a violation of 18 U.S.C. § 1956(a)(1)(B)(i), money laundering.

On July 7, 2011, Defendant was sentenced to an aggregate term of 145 months' imprisonment, 121 months on counts 1, 3, and 18, to be served concurrently, and twenty-four months on Count 5, to be served consecutively to the other terms. His conviction and sentence were affirmed on direct appeal. *See United States v. Sedlak*, 529 F. App'x 253 (3d Cir. 2013)(nonprecedential). On March 10, 2015, we denied a motion under 28 U.S.C. § 2255 to vacate the conviction and sentence. *United States v. Sedlak*, 2015 WL 1033981 (M.D. Pa.). Sedlak's application for a certificate of appealability in regard to the 2255 motion was denied by the Third Circuit. *United States v. Sedlak*, C.A. No. 15-2446 (3d Cir. Feb. 8, 2016). Thereafter, Defendant made various filings attacking his conviction and sentence, without success.

III. *Discussion*

Defendant invokes Fed. R. Civ. P. 60(b) to vacate his criminal sentence. But Defendant cannot rely on that Rule as "the Federal Rules of Civil Procedure [do] not apply to criminal proceedings." *United States v. Birt*, 537 F. App'x 34, 35 (3d Cir. 2013)(nonprecedential)(a Rule 60(b) motion cannot be used to challenge an order

denying a motion under 18 U.S.C. § 3582); *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003).

Motions attacking a conviction or sentence must generally be filed under 28 U.S.C. § 2255. *See Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009)("A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence"). However, Defendant has already had one 2255 motion adjudicated and cannot file another one without leave of the Third Circuit. *See* 28 U.S.C. § 2255(h). He is free to seek such leave from the court of appeals.

We add that federal courts have no inherent authority to modify a sentence at anytime. *See Dillon v. United States*, 560 U.S. 817, 819, 130 S.Ct. 2683, 2687, 177 L.Ed.2d 271 (2010)("A federal court generally 'may not modify a term of imprisonment once it has been imposed.'")(quoting 18 U.S.C. § 3582(c)); *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007)(nonprecedential)("We note that, as a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization.")(citing *United States v. DeLeo,* 644 F.2d 300, 301 (3d Cir. 1981)). Defendant points to no authority that would allow us to adjudicate his current challenge to his sentence.[1]

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: May 10, 2017

---

[1] As for his *Alleyne* claim, Defendant asserts that under *Alleyne* his conviction for an offense under 18 U.S.C. § 1028A(a)(1) is invalid because he was not convicted of an underlying predicate offense. We rejected that claim when we adjudicated Defendant's 28 U.S.C. § 2255 motion. *See United States v. Sedlak*, 2015 WL 1033981, at *4 (M.D. Pa. Mar. 10, 2015).