# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 1:09-cr-0079-01 |
| v. | : | Hon. John E. Jones III |
| ROGER SEDLAK, | : | |
| Defendant. | : | |

## **MEMORANDUM**

### **June 20, 2018**

On June 11, 2018, the pro se defendant Roger Sedlak ("Defendant") filed a motion (Doc. 525) under Fed. R. Civ. P. 60(b) for relief from the order of March 10, 2015.[1] (Doc. 447). That order denied his motion under 28 U.S.C. § 2255. Defendant asserts that in the 2255 proceedings the Court mistakenly failed to adjudicate: (1) several claims he made in his 2255 motion under *Alleyne v. United States*, 570 U.S. 99 (2013); and (2) a claim that the government improperly withheld a three-level reduction in his offense level for acceptance of responsibility under Amendment 775 to the sentencing guidelines.

---

[1] This case was previously assigned to the Hon. William W. Caldwell. On February 6, 2018, it was reassigned to the undersigned.

## I. BACKGROUND

In March 2009, Defendant was named in a three-count indictment.[2] In November 2009, he was named in an eighteen-count superseding indictment. Pursuant to a written plea agreement executed in June 2010, he pled guilty to four counts of the superseding indictment, Counts 1, 3, 5, and 18. Count 1 charged a conspiracy under 18 U.S.C. § 371 to violate 18 U.S.C. § 2421, interstate transportation with the intent to engage in prostitution, and to violate 18 U.S.C. § 2422(a), persuading, inducing, coercing and enticing interstate travel to engage in prostitution. Count 3 charged a substantive violation of section 2422(a). Count 5 charged a violation of 18 U.S.C. § 1028A(a)(1), aggravated identity theft. Count 18 charged a violation of 18 U.S.C. § 1956(a)(1)(B)(i), money laundering. On July 7, 2011, Defendant was sentenced to an aggregate term of 145 months' imprisonment and to ten years of supervised release.

Defendant's convictions and sentence were affirmed on direct appeal, *United States v. Sedlak*, 529 F. App'x 253 (3d Cir. 2013)(nonprecedential), with the Third Circuit denying a petition for rehearing on September 3, 2013. *United States v. Sedlak*, No. 11-2892 (3d Cir.). On March 10, 2015, the Court denied Defendant's motion under 28 U.S.C. § 2255 to vacate the convictions and sentence. *United States v. Sedlak*, 2015 WL 1033981 (M.D. Pa.). On February 8,

---

[2] Also named in the indictment were Defendant's wife, Marianna Sedlak, and Kelli Kaylor.

2016, the Third Circuit denied Defendant's application for a certificate of appealability in regard to the 2255 motion and then on September 11, 2017, denied his petition for rehearing. *United States v. Sedlak*, No. 15-2446 (3d Cir.).

## II. DISCUSSION

In seeking relief from the order denying the 2255 motion, Defendant invokes Fed. R. Civ. P. 60(b). Rule 60(b) has an "unquestionably valid role to play in habeas cases," *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005), but cannot be applied if it is inconsistent with "applicable federal statutory provisions and rules." *Id.* at 529. One such applicable statutory provision is the gatekeeping provision of section 2255 that prohibits the filing of a second or successive 2255 motion unless the court of appeals authorizes it. 28 U.S.C. § 2255(h). *See also* 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255 Rule 12; Fed. R. Civ. P. 81(a)(4)(A). To prevent a defendant from circumventing section 2255(h)'s limitation on the filing of a second or successive 2255 motion, a Rule 60(b) motion will be treated as a 2255 motion if in substance it presents a claim for relief from the criminal judgment. *Gonzalez*, 545 U.S. at 531-32.[3] This will occur if the Rule 60(b) motion: (1) presents a new claim for relief from the criminal judgment; or (2) presents a claim

---

[3] In *Gonzalez*, the Supreme Court dealt with a petition under 28 U.S.C. § 2254 and limited its holding to section 2254 petitions. 545 U.S. at 529 n.3. Section 2254 deals with habeas proceedings for persons convicted in state court. But "courts have applied the reasoning of *Gonzalez* to § 2255 cases." *United States v. Donahue*, \_\_\_\_\_ F. App'x \_\_\_\_\_, \_\_\_\_\_ n.3, 2018 WL 2149181, at *2 n.3 (3d Cir. 2018)(nonprecedential)(citing cases).

3

that the court's previous resolution of a 2255 claim on the merits was mistaken. *Id.* at 532. A resolution of a claim "on the merits" means "a determination that there exist or do not exist grounds entitling a [defendant] to habeas corpus relief." *Id.* at 532 n.4. It does not include a claim that "a previous ruling which precluded a merits determination was in error -- for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532 n.5.

If a Rule 60(b) motion only challenges "some defect in the integrity of the federal habeas proceedings," *Gonzalez*, 545 U.S. at 532, (footnote omitted), it is not treated as a 2255 motion. *Id.* The Court gave as an example of this type of claim fraud on the federal habeas court. *Id.* at 532 n.5. As the Third Circuit has put it, when a "Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits." *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

On the instant motion, Defendant makes two claims. Defendant's first claim is that the Court erroneously decided that it could not reach the merits of several claims he made under *Alleyne v. United States*, 570 U.S. 99 (2013), because the claims were being made on collateral review. We note that the Court did in part rely on this reasoning to deny the *Alleyne* claims. *Sedlak*, 2015 WL 1033981, at *4.

Defendant argues this was error under *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), which held that a new constitutional rule for criminal prosecutions is to be applied retroactively to cases "pending on direct review or not yet final . . . ." Defendant also cites *United States v. LaPrade*, 673 F. App'x 198, 201 n.5 (3d Cir. 2016)(nonprecedential). In *LaPrade*, the Third Circuit held that a defendant could pursue an *Alleyne* claim in collateral proceedings under 28 U.S.C. § 2255 because his conviction had not yet become final when *Alleyne* was decided. At the time *Alleyne* was decided, the defendant still had time to file a petition for a writ of certiorari.[4]

Defendant thus appears to be making a proper Rule 60(b) motion for relief from judgment on his first claim as he is asserting that the Court failed to reach the merits of his *Alleyne* claims because it mistakenly believed the claims could not be considered on collateral review. He seeks relief from the judgment so that he can have those claims adjudicated now.

Defendant does not specify which of the six subsections of Rule 60(b) applies.[5] A claim that the Court made a legal error, that is a legal "mistake," in not

---

[4] A case becomes final when "'a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.'" *LaPrade*, 673 F. App'x at 201 n.5 (quoting *Griffith*, 479 U.S. at 321 n.6).
[5] Rule 60(b) provides as follows:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a

5

addressing the merits of his *Alleyne* claims might in proper circumstances be cognizable under Rule 60(b)(1) or Rule 60(b)(6). *See James v. Virgin Islands Water & Power Auth.*, 119 F. App'x 397, 401 (3d Cir. 2005) (nonprecedential).

We need not make a selection because Defendant is incorrect in asserting that the Court did not reach the merits of his *Alleyne* claims. The Court did state there was a procedural bar to considering the claims, but the Court also went on to consider them on the merits. *Sedlak*, 2015 WL at 1033981, at *4-5. Since Defendant has already had his *Alleyne* claims adjudicated, he is not entitled to relief under Rule 60(b).

Defendant's second claim is that the Court failed to reach the merits of his claim that, under Amendment 775 to the sentencing guidelines, the government improperly withheld a three-level reduction in his offense level for acceptance of responsibility. Defendant asserts the "Court mistakenly neglected to adopt the

---

party or its legal representative from a final judgment, order, or proceeding for the following reasons:
**(1)** mistake, inadvertence, surprise, or excusable neglect;
**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
**(4)** the judgment is void;
**(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
**(6)** any other reason that justifies relief.

pending intervening change in law propagated by . . . Amendment 775, which became effective while Sedlak's case was not yet final pending certiorari," (Doc. 525, Mot. at 3), nor did it "focus" on how Amendment 775 "would impact the facts of this case." (*Id.*). Defendant maintains that "Amendment 775 constitutes an intervening change in the law concerning the precise argument initiated by Sedlak at sentencing, continued on direct review and addressed in his initial 2255 motion." (*Id.*).

Amendment 775 became effective November 1, 2013, so it was in effect when the court was ruling on the 2255 motion. Defendant also did argue on his 2255 motion that the government breached the plea agreement when it failed to recommend a three-level reduction in his offense level for acceptance of responsibility. *Sedlak*, 2015 WL 1033981, at *8. The difficulty for Defendant is that he did not make the claim in his 2255 motion that Amendment 775 prevented the government from refusing to recommend the three-level reduction, and the Court was not obligated to make that claim on Defendant's behalf, as Defendant seems to imply.

Thus this claim is a new claim challenging Defendant's sentence and constitutes a second or successive 2255 motion we lack jurisdiction to consider

absent authorization from the Third Circuit. *See Pelullo v. United States,* 352 F. App'x 620, 625 (3d Cir. 2009)(nonprecedential).[6]

An appropriate order will issue.

---

[6] We observe that Defendant twice sought the benefit of Amendment 775, by motion filed on June 6, 2016, Doc. 468) and then on July 18, 2017. (Doc. 497). The Court denied relief on both motions. (Docs. 471 and 499). One of the reasons for doing so was that Amendment 775 was not listed in U.S.S.G. § 1B1.10(d) as a guideline that could be applied retroactively. (Doc. 471 at 2).