# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 1:09-cr-0079-01 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| ROGER SEDLAK, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

### June 20, 2018

The pro se defendant Roger Sedlak ("Defendant") has filed a motion (Doc. 522) to amend the sentencing order so that it will show that he is not required to comply with Pennsylvania's sex offender registration law. Defendant also requests that the Court order the United States Probation Department to amend his presentence report (PSR) so that it too shows that he does not have to comply with that law.[1]

## I. BACKGROUND

Pursuant to a written plea agreement executed in June 2010, Defendant pled guilty to four counts of a superseding indictment, Counts 1, 3, 5, and 18. Count 1 charged a conspiracy under 18 U.S.C. § 371 to violate 18 U.S.C. § 2421, interstate

---

[1] This case was previously assigned to the Hon. William W. Caldwell. On February 6, 2018, it was reassigned to the undersigned.

transportation with the intent to engage in prostitution, and to violate 18 U.S.C. § 2422(a), persuading, inducing, coercing and enticing interstate travel to engage in prostitution. Count 3 charged a substantive violation of section 2422(a). Count 5 charged a violation of 18 U.S.C. § 1028A(a)(1), aggravated identity theft. Count 18 charged a violation of 18 U.S.C. § 1956(a)(1)(B)(i), money laundering.

The plea agreement originally contained a paragraph which would have expressed Defendant's "understand[ing], in part, that the Court "as a condition of supervised release . . . must order the defendant to comply with all sex offender registration requirements under the Sex Offender Registration and Notification Act . . ." (Doc. 207, plea agreement ¶ 4).[2] The government agreed to strike this provision from the agreement.

On July 7, 2011, Defendant was sentenced to an aggregate term of 145 months' imprisonment and to ten years of supervised release. The sentencing order described the offense in Count 3 simply as 18 U.S.C. 2422. (Doc. 285, judgment in a criminal case, at 2). The sentencing order also required Defendant, among other conditions of supervised release, to "comply with the requirements of the Sex Offender Registration and Notification Act . . . as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in

---

[2] The reference is to the federal Sex Offender Registration and Notification Act (SORNA). SORNA was formerly located at 42 U.S.C. § 16901 *et seq.* On September 1, 2017, it was transferred to 34 U.S.C. § 20901 *et seq.* There was no substantive change in the statute. http://uscode.house.gov/editorialreclassification/t34/index.html

which he or she resides, works, is a student, or was convicted of a qualifying offense." (*Id.* at 4).

Defendant's convictions and sentence were affirmed on direct appeal. *United States v. Sedlak*, 529 F. App'x 253 (3d Cir. 2013)(nonprecedential). As pertinent here, Defendant challenged on direct appeal the Court's imposition of the condition requiring him to comply with SORNA. That challenge was rejected. The Third Circuit stated: "The District Court did not commit any reversible error by requiring him to comply with the requirements of the sex offender registration agency in any state where he resides or works because whether or not he actually has to register as a sex offender is a matter of state law." *Id.* at 255.

On March 10, 2015, the Court denied a motion under 28 U.S.C. § 2255 to vacate the convictions and sentence. *United States v. Sedlak*, 2015 WL 1033981 (M.D. Pa.). On February 8, 2016, the Third Circuit denied Defendant's application for a certificate of appealability in regard to the 2255 motion and then on September 11, 2017, denied his petition for a rehearing. *United States v. Sedlak*, C.A. No. 15-2446 (3d Cir.).

Defendant has filed numerous other motions seeking various forms of relief. As relevant here, on June 9, 2014, he filed a motion (Doc. 385) under Fed. R. Crim. P. 36 to correct a clerical error in the sentencing order so that it would show Count 3 was a conviction for a violation of 18 U.S.C. § 2422(a), not simply for a

violation of section 2422.³ On July 17, 2014, the Court granted that motion. (Doc. 405).

On July 21, 2014, the amended sentencing order (Doc. 407) was filed. It clarified that Count 3 was a violation of section 2422(a). (*Id.* at 2). But it also imposed a requirement concerning sex offender registration in language slightly different from the original sentencing order. The amended order provided that "[t]he defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer." (*Id.* at 4). As noted, Defendant only moved to clarify that Count 3 was an offense under section 2422(a). He did not move to modify the SORNA language, nor did the Court order any such modification.

In the instant motion to amend the sentencing order, Defendant contends he does not have to register as a sex offender because he did not commit a sex offense as defined in SORNA. 34 U.S.C. § 20901 *et seq.*⁴ SORNA imposes registration requirements, *id.* § 20913, on those who have committed a "sex offense," as defined in the Act. *Id.* § 20911. Defendant says he did not commit a sex offense as defined in SORNA because section 20911(5)(C) excepts from the definition of a sex offense, in pertinent part, an "offense involving consensual sexual conduct . . .

---

³ The distinction is important as section 2422 contains only two subsections, (a) and (b). In relevant part, subsection (b) is an offense involving "any individual who has not attained the age of eighteen years."

⁴ Defendant cites SORNA provisions found at 42 U.S.C. § 16901 *et seq.* As noted above, those provisions are now found at 34 U.S.C. § 20901 *et seq.*, and we cite to the latter provisions.

if the victim was an adult unless the adult was under the custodial authority of the offender at the time of the offense . . . ." Defendant also relies on *Commonwealth v. Muniz*, 164 A.3d 1189, 1193, 1224 (Pa. 2017), where the Pennsylvania Supreme Court held that Pennsylvania's SORNA violated Pennsylvania's ex post facto clause in regard to the appellant there (with a minority on the court also holding it violated the federal ex post facto clause as well).

As relief, Defendant requests that the Court amend the sentencing order: (1) to show that he is not subject to sex offender registration in Pennsylvania in light of what he says is the intervening change in Pennsylvania law under *Muniz*; (2) to clearly show in light of federal SORNA's definition of a sex offense that he does not have to register as a sex offender; and (3) in light of *Muniz*, to correct the sentencing order to show, based on the plea agreement, that he would not be subject to registration as a sex offender under Pennsylvania law.

He also requests that the Court order the United States Probation Department to amend Defendant's PSR to clearly reflect that Defendant's relevant offense was under 18 U.S.C. § 2422(a), that his offense thus falls within the exception to the definition of a sex offense under federal SORNA, and that he need not register under Pennsylvania law in light of *Muniz*.

## III. DISCUSSION

### A. Correction of a Clerical Error in the Amended Sentencing Order *Sua Sponte*

We first correct sua sponte a clerical error in the amended sentencing order. As noted, the original sentencing order required Defendant to "comply with the requirements of" federal SORNA "as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense." (Doc. 285, original judgment of sentence at 4). This language conformed to the oral sentence Judge Caldwell imposed on July 7, 2011. As stated by the Judge: "The defendant shall comply with the registration requirements of any sex offender registration agency in any state where he resides, is employed, carries on a vocation, or is a student." (Doc. 289, Sentencing Tr. at 48).

However, this language was later changed when Defendant filed his motion to correct a clerical error in the sentencing order. That motion was granted and the amended sentencing order was filed showing the clarification Defendant sought, that Count 3 was a conviction for a violation of 18 U.S.C. § 2422(a), not simply section 2422. (Doc. 407, amended sentencing order at 2).

But the amended sentencing order further imposed a requirement concerning sex offender registration in language slightly different from the original sentencing order. The amended order provided that "[t]he defendant shall register with the

6

state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer." (*Id.* at 4). This language could be read as requiring the defendant to register with the appropriate state sex offender registration office, regardless of whether he qualifies as a sex offender under the relevant law. *See United States v. Taylor*, 777 F.3d 434, 443 (7th Cir. 2015)(not directly confronting the issue but interpreting an identical term involving a condition of probation as requiring the defendant "to register with the state sex-offender registration agency as a condition of probation regardless of whether the definition of "sex offense" in § [20911] includes his crimes").

The change in the language related to sex offender registration is a clerical error that should be corrected under F. R. Civ. P. 36 to restore the original language. Rule 36, entitled, "Clerical Error," provides as follows:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

The Rule permits correction of a clerical error "at any time," and the court may invoke the Rule *sua sponte*. *United States v. Avila-Santoyo*, 481 F. App'x 566, 567, 570-71 (11th Cir. 2012)(nonprecedential)(under Rule 36 court of appeals could *sua sponte* raise a clerical error and remand to the district court to correct it); *United States v. Murphy*, 329 F. App'x 653, 655 (7th Cir. 2009) (nonprecedential)

7

(Rule 36 empowers the sentencing court to correct the written judgment *sua sponte*).

"'A clerical error involves a failure to accurately record a statement or action by the court or one of the parties.'" *United States v. Bennett*, 423 F.3d 271, 277-78 (3d Cir. 2005)(quoted treatise omitted). It is not an error "'of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.'" *Id.* at 278 (quoted case omitted). "Rule 36 is normally used to correct a written judgment of sentence to conform to the oral sentence pronounced by the judge." *Id.* at 278 (cited treatise omitted). Errors in an oral order arising from the oversight or omission of the court are not clerical errors. *Id.* at 278.

Based on the foregoing, the change in the language related to sex offender registration qualifies as a clerical error. The language conflicts with the oral sentence imposed at the sentencing hearing, was not the result of a mistake by the sentencing judge, and was not inserted in the amended sentencing order by way of the July 2014 order, which authorized amendment of the sentencing order only to clarify the section 2422(a) offense.

The Clerk of Court will therefore be directed to file a second amended criminal judgment which will restore the original sex-offender-registration language.

## B. The Motion to Amend the Sentencing Order and the PSR

Defendant moves for amendment of his sentencing order but cites no authority that would allow us to do so. In the circumstances of this case, there appear to be two sources of authority to amend the sentencing order, Fed. R. Crim. P. 35(a) and Fed. R. Crim. P. 36. *Bennett*, *supra*, 423 F.3d at 277 ("In general, we look with disfavor upon changes to a judgment after the fact . . . [b]ut the Federal Rules of Criminal Procedure do provide two sources of 'specific authorization' for a district court to amend a sentence"). *Id.* at 276-77.[5]

Rule 35(a) provides: "Within fourteen days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Sentencing is defined in Rule 35(c) as "the oral announcement of the sentence." Thus, putting aside whether the other requirements of the Rule have been met, Rule 35(a) cannot assist Defendant because any amendment under this Rule has to come within fourteen days of the sentencing. *Bennett*, *supra*, 423 F.3d 277 (interpreting Rule 35(a) when it had a seven-day deadline). Defendant is well beyond the deadline.

Nor can Rule 36 assist Defendant. As noted above, that Rule allows a sentencing order to be corrected at any time but only for a clerical error. "'A

---

[5] Other sources of authority to modify a sentence are Fed. R. Crim. P. 35(b) and 18 U.S.C. § 3582(c)(2), but neither of these provisions apply here.

clerical error involves a failure to accurately record a statement or action by the court or one of the parties.'" *Id.* at 277-78. It is not an error "'of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.'" *Id.* at 278 (quoted case omitted).

As noted, Defendant requests that the Court amend the sentencing order: (1) to show that he is not subject to sex offender registration in Pennsylvania in light of what he says is the intervening change in Pennsylvania law under *Muniz*; (2) to clearly show in light of federal SORNA's definition of a sex offense that he does not have to register as a sex offender; and (3) in light of *Muniz*, to correct the sentencing order to show, based on the plea agreement, that he would not be subject to registration as a sex offender under Pennsylvania law.

The amendments he seeks are not based on clerical error. There was no failure to accurately record a statement or action by the court or one of the parties justifying a motion to amend. Instead, Defendant wants to make three substantive additions to the sentencing order, two of which are based on *Muniz*, a case decided some six years after Defendant was sentenced. In these circumstances, the Court cannot grant the request to amend the sentencing order.

We turn now to that part of the motion seeking amendments to Defendant's PSR. Defendant cites no authority which would permit us to amend the PSR at this time, and we have been unable to locate any. Fed. R. Crim. P. 32(f) allows

objections to a PSR, and Rule 32(i)(3) requires the court to address those objections, but any objections under Rule 32 must made before sentencing, not after. *United States v. Smalling*, 644 F. App'x 3, 4 (2d Cir. 2016)(nonprecedential); *United States v. Johnson*, 625 F. App'x 225, 226 (5th Cir. 2015)(nonprecedential) (citing *United States v. Engs*, 884 F.2d 894, 895-97 (5th Cir. 1989)(interpreting old Rule 32(c)(3)(D), the prior version of Rule 32(i)(3)); *United States v. Boardley*, 61 F. App'x 904, 904 (4th Cir. 2003) (nonprecedential) (interpreting old Rule 32(c)(3)(D), the prior version of Rule 32(i)(3)). Defendant therefore cannot rely on Rule 32 as authority to amend his PSR.

As noted above, Rule 36 allows a court "at any time" to "correct a clerical error in a judgment, order, or other part of the record . . . ."[6] In addition to correcting a clerical error in the record, the court can also "correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "'Errors arising from oversight or omission are generally corrected to conform to the *intention* of the court or parties at the time the error was made, which may not be reflected in their recorded statements.'" *Bennett*, *supra*, 423 F.3d at 278 (quoted treatise omitted)(emphasis in original).

---

[6] Rule 36 applies to PSRs. *See United States v. Gjeli*, 867 F.3d 418, 426 n.12 (3d Cir. 2017); *United States v. Patton*, 610 F. App'x 102, 103 (3d Cir. 2015)(nonprecedential)(entertaining a Rule 36 motion to amend a PSR).

As noted, Defendant seeks the following amendments in the PSR. He requests that the Court order the United States Probation Department to amend Defendant's PSR to clearly reflect that Defendant's relevant offense was under 18 U.S.C. § 2422(a), that his offense thus falls within the exception to the definition of a sex offense under federal SORNA, and that he need not register as a sex offender under Pennsylvania law in light of *Muniz*.

The amendments he seeks in the PSR are not based on clerical error. They would not correct a failure to accurately record a statement or action by the court or one of the parties. They would also not correct an error arising from oversight or omission that would conform the PSR to the intention of the court or parties at the time the error was made. Instead, the amendments Defendant seeks are based on his current desire to use the PSR to assist him in not registering as a sex offender. We note that one of the amendments sought is based on *Muniz*, a case decided some six years after Defendant was sentenced.

We will therefore deny the motion to amend the PSR. We note that, as the Court has ordered that a second amended sentencing order be filed that would restore the original language concerning sex offender registration, Defendant has not been disadvantaged by the Court's refusal to amend the sentencing order or the PSR. In accord with the Third Circuit's ruling on his direct appeal, under the original language, Defendant can avoid registering as a sex offender simply by

showing that he does not qualify as one.  He may also at the appropriate time argue that *Muniz* prohibits application of Pennsylvania sex offender law to him.

    An appropriate order will issue.